Dear Mayor Williams:
You have requested an opinion of the Attorney General relative to the applicability of state statutes and local ordinances necessitating the payment of local sales and use taxes and permit fees by out-of-city vendors participating in the annual "Springfest" being held this weekend on the campus of Grambling State University which is located within the Grambling city limits. You specifically ask whether these vendors are subject to the payment of sales tax and permit fees levied and or assessed by the City of Grambling (City).
In answer to your question, we refer you to Article VI, Section29 of the Louisiana Constitution of 1974 which authorizes municipalities to levy and collect a tax upon the sale at retail of tangible personal property. The manner in which sales taxes are to be imposed and collected by municipalities is set forth in R.S. 33:2711, et seq. Section 2712 of said title provides that sales taxes levied by municipalities shall be imposed by an ordinance of the governing body and shall be levied upon the sale at retail of tangible personal property and on sales of services in the municipality, all as presently defined in R.S. 47:301-317. Section 2713 further provides that said tax shall be in addition to all other taxes and shall be collected at the same time and in the same manner and pursuant to the definitions, practices, and procedures set forth in R.S. 47:301-317.
To determine whether a particular transaction is subject to the City's sales tax, we must turn to the provisions governing the state sales tax, which provisions are set forth in R.S.47:301-317. Some distinctions which are relevant to such a determination concern whether such sales could are considered "retail sales" or "sales at retail" and whether any of the exemptions from the tax are applicable.
For example, R.S. 47:305.14 and 305.18 grant exclusions and exemptions for fairs, festivals and expositions sponsored by nonprofit organizations, the entire amount of the proceeds going to charitable, civic, educational, historical, or other similar projects.
There is no indication from your letter that this is the case. Further, the mere fact that such an event is sponsored on a nonprofit basis would not, in itself, affect the application of sales tax laws to the individual vendors participating in this event. In accord, Attorney General Opinion No. 79-447.
This office has not been presented with the individual circumstances of each particular vendor which will be participating in the "Springfest". Therefore, it would be impossible for us to determine if each vendor is required to collect the City's sales tax. Thus, for example, we must assume, for purposes of the applicability of the sales tax provisions, that a business activity is being engaged in and that there is a sale at retail. The vendors that typically participate in this type of event generally meet both of these criteria.
Accordingly, in the absence of a specific exemption upon which a vendor can rely, the vendors participating in the "Springfest" must collect and remit the City's sales tax. As previously noted, the tax shall be collected at the same time and in the same manner and pursuant to the same procedures set forth in R.S.47:301-317. In this regard, R.S. 33:2841 further provides:
 "A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the manner provided for the collection of taxes due the state."
We turn now to your second question, to wit: the requirement that each vendor obtain a permit to conduct its business. In answer thereto, we refer you to R.S. 47:341 which provides as follows:
 "A. Any municipality or parish shall have the right to impose a license tax on any person conducting any business herein enumerated within the territorial jurisdiction of the municipality or parish at a rate which will not exceed the maximum tax rates set forth in this Chapter, provided that the imposition of such license tax is approved by two-thirds of the elected members of the municipal or parochial governing authority and after affording the public an opportunity to comment at a minimum of three public hearings.
 B. The tax collector, administrator of finance, treasurer, or any other officer whose duty is to receive and collect the taxes and money due to each municipality or parish may enforce the collection of any and all taxes due."
As can be gleaned from the above, a license tax, within statutory limitations, can be imposed by the City so long that it has been approved via the procedures set forth in the above provision. The amount of the tax or fee is generally based upon the nature of the business being conducted. We find the provisions of R.S.47:359 (C) to be applicable to the vendors in question. It provides, in pertinent part, the following:
§ 359. Businesses where licenses are based on flat fees
 The following types of businesses shall obtain an annual license based on the flat fee designated hereafter . . . .
 C. Peddlers and itinerant vendors.
 (1) All peddlers, hawkers, itinerant vendors, and every person who displays samples, models, goods, wares, or merchandise on a temporary basis in any hotel, motel, store, storehouse, house, vehicle, or any other place, for the purpose of securing orders for the retail sale of such goods, wares, or the like kind or quality, either for immediate or future delivery shall obtain a license based on a fee not to exceed two hundred dollars . . . .
 * * * (3) Parochial and municipal officers shall require all peddlers to exhibit their occupational license. The license shall indicate thereon the motor vehicle license number. They shall seize the merchandise and any vehicle or other conveyance used by the peddler to peddle the same, if the peddler fails or refuses to exhibit his license. All property seized shall be turned over to a court of competent jurisdiction, to be sold according to law, to satisfy the license due and enforce the privilege therefor. The rights of the holder of a chattel mortgage note or any vehicle seized shall not be affected or prejudiced as a result of the seizure.
 (4) Whoever shall sell goods, wares, and merchandise as a peddler without first obtaining the license herein required shall be guilty of a misdemeanor and upon conviction shall be fined not less than five hundred dollars or shall be imprisoned not more than sixty days, or both." (Emphasis added.)
Paragraph (C)(2) enumerates certain exemptions from the license tax, none of which appear to be applicable to the vendors in question. Thus, in the absence of a specific exemption upon which a vendor can rely, the vendors will be subject to the license fee authorized in R.S. 47:359 (C). The fee is to be collected by the appropriate officer and, in the absence of the payment thereof, the vendor would be subject to the fines and penalties provided for in Paragraph (C)(4).
In summary, it is the opinion of this office that the vendors participating in the "Springfest" on the campus of Grambling State University are subject to both the municipal sales tax and license fees of the City of Grambling as authorized by the laws and ordinances discussed hereinabove.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/dra